UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YUSEF LATEEF PHILLIPS,

    Petitioner,

v.                                      Case No. 1:05-CV-730
                                          (Criminal Case No. 1:98:CR:163)
UNITED STATES OF AMERICA,

                                          HON. GORDON J. QUIST

    Respondent.

_____/

## OPINION

This Court has before it Yusef Lateef Phillips' ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

    **1.**    **Procedural History**

On November 18, 1998, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 8, 1999, this Court sentenced Petitioner to 180 months incarceration. Judgment was entered on March 8, 1999, and Petitioner had 10 days after that date (until March 22, 1999) in which to file

an appeal with the Court of Appeals for the Sixth Circuit. Fed. R. App. P. 4(b), 26(a)(2). Petitioner did not appeal his sentence. On November 21, 2000, the government filed a motion to reduce sentence under Crim. Pro. R. 35(b), and on February 12, 2002, the Court reduced Petitioner's sentence from 180 to 162 months. On October 24, 2005, Petitioner filed his motion under 28 U.S.C. § 2255. For the following reasons, Petitioner's motion will be dismissed with prejudice.

## 2.  Time Barred

Under 28 U.S.C. § 2255, a one-year statute of limitations begins to run from the latest of four circumstances including: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner was required to file his Petition within one year of the date on which his judgment of conviction became final. 28 U.S.C. § 2255. The Sixth Circuit has held that when a §2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Thus, Petitioner had until March 22, 2000, in which to file his petition. Because he did not file his petition until October 24, 2005, the petition is untimely.

Petitioner suggests that his Petition was filed late because his attorney misled him regarding the time requirements for filing an appeal and a § 2255 motion. "Defense Counsel failed to file a

timely notice of appeal and led the Petitioner to believe that he had at least two years in which to file for a promised sentence reduction. Counsel caused Petitioner to miss the opportunity, not only for a direct appeal but for a timely filed 2255 motion as well." (Petitioner's Mot. at 13.) Therefore, Petitioner argues that his § 2255 motion needed to be filed only within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." (Petitioner's Mot. At 13.) Petitioner argues that the statute of limitations began to run on June 24, 2004, when *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) was decided, or on January 12, 2005, when *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005) was decided. The Court disagrees. At most, if this provision even applies, the statute of limitations began to run when the Petitioner realized that his attorney had failed to file a notice of appeal, thereby creating a possible claim for ineffective assistance of counsel. At the sentencing hearing, Petitioner signed a form indicating that he received information about how and when to file an appeal. (Criminal Docket No. 44.) Therefore, Petitioner was explicitly advised that he had ten days in which to file an appeal. He should have realized within a month of his sentencing date that his attorney had not filed an appeal. It was unreasonable for Petitioner to wait over six years to file a § 2255 motion, and he did not act with the requisite "due diligence." Therefore, the motion would also be untimely under this provision.

    **3.**    **Equitable Tolling**

As a last resort, Petitioner argues that, because he received erroneous advice from his attorney, the statute of limitations should be equitably tolled. (Petitioner's Mot. at 13.) The Court of Appeals for the Sixth Circuit has recognized that the statute of limitations in § 2255 actions may be equitably tolled under certain circumstances. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). In determining whether the limitations period should be equitably tolled, a court

must apply a five-factor test: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Here, the Court finds that none of the five factors weighs in favor of equitably tolling the statute of limitations, particularly where Petitioner waited such an unreasonable amount of time before filing his motion. Furthermore, Petitioner never claims that he was not aware of the one-year statute of limitations, but only that his attorney erroneously led him to believe that he had more time to file. The Court of Appeals for the Sixth Circuit has explicitly held that a statute of limitations should not be equitably tolled merely because a Petitioner received erroneous advice from his attorney. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 200 (2004) ("a petitioner's reliance on the unreasonable and incorrect advice of his or her attorney is not a ground for equitable tolling"); *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003)("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'"); *see also Johnson v. Hendricks,* 314 F.3d 159, 163 (3d Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Helton v. Department of Corrections*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). Therefore, this Court holds that the statute of limitations is not equitably tolled and that Petitioner's motion is untimely.

### 4. No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a

determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## **Conclusion**

For these reasons, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 Cases. In addition, a certificate of appealability will be DENIED as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.


Dated: November 18, 2005                          /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE